601 S.E.2d 15

**Michelle GORE, Plaintiff
Below, Appellant,**

v.

**Brian Keith GORE, Defendant
Below, Appellee.**

No. 31668.

Supreme Court of Appeals of West Virginia.

Submitted: June 9, 2004.

Filed: July 1, 2004.

David M. Sanders, Esq., Legal Aid of West Virginia, Lewisburg, for Appellant.

Joseph F. Aucremanne, Esq., Hinton, for Appellee.

PER CURIAM.

The appellant appeals from a Summers County Circuit Court order granting summary judgment in favor of the appellee.

We reverse the circuit court's order and remand this matter for further proceedings.

## I.

In February of 1996, the appellant Michelle Gore's father, Robert Maurice Gore, died testate leaving his home and the surrounding property to the appellant Michelle Gore, her sisters, and Mr. Gore's granddaughter. Mr. Gore's will was admitted to probate in August of 1996, and six creditors filed claims against Mr. Gore's estate, including a claim by the West Virginia Department of Health and Human Resources.[1] In July of 1997, the appellant's sisters and Mr. Gore's granddaughter deeded their interest in the property to the appellant to provide the appellant a place to live.

In April of 1999, the appellant conveyed the property to the appellee Brian Keith Gore, a cousin, for seventy-five dollars of consideration according to the deed. In May and June of 1999, the appellant's sister satisfied the remaining claims against the contested property.

According to the appellant, the appellant had conveyed the property to appellee because the appellee's sister had convinced the appellant that the appellant's father's creditors were going to force the sale of the contested property immediately. The appellant alleged that she conveyed the property, in exchange for "no consideration," to the appellee to hold "in trust" until the indebtedness against her father's estate was satisfied. The appellant alleged that she conveyed the property with the understanding that the property would remain owned by the appellant and that the appellee would return legal title after the debts were settled.

After learning that the appellee was not going to reconvey the property to the appellant, the appellant filed a complaint in circuit court in July of 1999 asking that the appellee be ordered to reconvey the property to the appellant.

In response, the appellee denied having agreed to hold the property "in trust" for the appellant. According to appellee, the appellant had offered to sell the property and the appellee paid the appellant $8,000.00 in actual consideration for the property. According to appellee, the actual consideration paid was not recorded in the deed so that the appellant's public assistance benefits would not be affected.

The parties participated in discovery, and filed several motions.

In March of 2002, the appellee filed an amended motion to dismiss the appellant's complaint.[2] Pointing to the language in the appellant's complaint, the appellee argued that the appellee had admitted to transferring the property for illegal purposes.

The appellant's complaint states, in pertinent part, that:

> ... because of the indebtedness of the estate of Robert Maurice Gore and the fear that creditors would attempt to force the sale of the said real estate[,] [the appellant] conveyed said real estate unto [the appellee] with the understanding that the real estate would remain owned by [the appellant] until such time as the indebtedness against the Estate of Robert Maurice Gore was satisfied and legal title could be restored to [the appellant].

The appellee argued, that having admitted to transferring the property for an illegal purpose, that the appellant could not now seek reconveyance of the contested property from the circuit court.

---

1. In September of 1997, the West Virginia Department of Health and Human Resources released its lien against his property, although it apparently was not paid.

2. In August of 1999, the appellee filed in circuit court the original motion to dismiss the appellant's complaint.

Treating the appellee's motion to dismiss as a motion for summary judgment, the circuit court entered an order granting summary judgment in favor of the appellee. The circuit court found the appellant had admitted in her complaint, and to other individuals, that she had transferred the property to evade her father's creditors.

In granting summary judgment, the circuit court stated that "it is not the responsibility of a court of equity to ensure honor among thieves, or, where both parties voluntarily participated in a fraudulent scheme, to act as an umpire between them in suits arising out of the fraudulent conduct."

The appellant appeals from the circuit court's order.

## II.

■■■ "A circuit court's entry of summary judgment is reviewed *de novo.*" Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).[3] "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party[.]" Syllabus Point 2, in part, *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995).

■■■ "A motion for summary judgment should be granted only where it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify application of law." Syllabus Point 2, in part, *Painter v. Peavy.* "A party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syllabus Point 6, *Aetna Casualty & Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

■■■ When granting summary judgment, the circuit court should view the evidence in the light most favorable to the nonmoving party. *Painter,* 192 W.Va. at 192, 451 S.E.2d at 758. In assessing the factual record, the circuit court must grant the nonmoving party the benefit of all inferences because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" *Williams v. Precision Coil, Inc.,* 194 W.Va. at 59, 459 S.E.2d at 336 (citations omitted).

■ In the instant case, the circuit court found that the appellant was not entitled to recover the contested property because the appellant had transferred the property for a fraudulent or illegal purpose. While the circuit court's interpretation of the appellant's actions may be a plausible one, the circuit court's interpretation is not the only possible interpretation.

The appellant argues, in her brief, that she transferred the property to the appellee in order that:

> . . . the appellee would pay off all claims pursued by the creditor's of [the appellant's] father's estate, if necessary and that [the appellant] would then reimburse [the appellee]. . . . In that manner, the real estate could be saved from foreclosure *and* all claims against the estate would be satisfied. . . . In effect, [the appellee] would hold legal title to the land as security to assure [the appellant's] repayment to [the appellee] for any claims which [the appellee] paid. .

The appellant's explanation of her actions could be true. The record of this case contains many disputed facts. Determining which facts are true, and which are not true, requires a proceeding beyond the limited scope a circuit court considers when granting summary judgment.

Construing the facts in the light most favorable to the non-moving party, we find that genuine issues of fact remain for a fact find-

**3.** As quoted recently by this Court in Syllabus Point 2 of *Blake v. Charleston Area Medical Center, Inc.,* 201 W.Va. 469, 498 S.E.2d 41 (1997):

When a motion for judgment on the pleadings under Rule 12(c) of the West Virginia Rules of Civil Procedure is converted into a motion for summary judgment, the requirements of Rule 56 of the West Virginia Rules of Civil Procedure become operable. Syllabus Point 1, in part, *Kopelman & Associates, L.C. v. Collins,* 196 W.Va. 489, 473 S.E.2d 910 (1996).

er—judge or jury—to resolve in a trial rather than a summary judgment proceeding.

### III.

Therefore, we reverse the circuit court's order granting summary judgment and remand this action for further proceedings.

Reversed and Remanded.